## Case No. 16,569.

UNITED STATES v. TWENTY PACKAGES OF DISTILLED SPIRITS.

[24 Int. Rev. Rec. 54.]

District Court, D. Massachusetts. Feb. 8, 1878.

INTERNAL REVENUE—INFORMATIONS OF FORFEITURE. —PROCEEDINGS AT LAW—OPENING JUDGMENT AFTER TERM.

Ordinary proceedings for a forfeiture under the internal revenue laws of the United States are proceedings at common law, and must be governed by the practice of courts of common law; and by that practice the court has lost the power to open a judgment when the term at which it was entered has gone by.

L. S. Dabney, for claimants.
P. Cummings, Asst. U. S. Atty.

LOWELL, District Judge. In this case the goods were seized by the United States on land for an alleged breach of the internal revenue law governing the rectification of spirits, and upon a default and an ex parte hearing were condemned, and a warrant for their sale was issued. After the term had passed in which the judgment of condemnation was entered, but before the warrant for sale had been executed, the owners of the spirits applied by a written motion to have the case opened, and to be permitted to interpose their claim. The motion was accompanied by affidavits tending to show a meritorious defence to the charges of the United States, and explaining the delay.

The point argued was whether the court had power to open the case on motion. It being understood that Judge Shepley had

decided a case in the circuit court supposed to be similar to this, I have consulted with him. My opinion is that this proceeding is at common law, and must be governed by the practice of the courts of common law, and that by that practice the court has lost the power to open a judgment where the term at which it was entered has gone by. Where, however, the judgment is entered by mistake of the court or of one of its officers, it is not truly the judgment of the court; and such mistake may be corrected after almost any lapse of time if the rights of third parties have not intervened. If the judgment is in all respects regular, and the mistake or misfortune is one of the party, he must seek redress by a petition for review, or whatever other remedy may be given him by the statutes or by the practice of the court. The cases cited (Stickney v. Davis, 17 Pick. 169, and Capen v. Stoughton, 16 Gray, 364) come within the distinction above noticed, though in the former the mistake was one of a fact which could not be known to the court, namely, the death of one of the parties; but it was one which rendered the judgment wholly erroneous, and the question of remedy was therefore one of form merely. Judge Shepley informs me that he has always acted on this view of the law; that the case to which he supposes reference was made was one in which judgment had been entered by mistake. I have not thought it fit to suggest what remedy there may be in this case.

Motion denied.